People v Garcia (2024 NY Slip Op 50135(U))

[*1]

People v Garcia (Juan)

2024 NY Slip Op 50135(U)

Decided on February 14, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 14, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Perez, JJ.

570857/18

The People of the State of New York, Respondent,
against
Juan Garcia, Defendant-Appellant.

In consolidated criminal proceedings, defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Bahaati E. Pitt, J.), rendered June 26, 2018, convicting him, upon his plea of guilty, of driving under the influence of alcohol and aggravated unlicensed operation of a motor vehicle in the third degree, and sentencing him, inter alia, to fines totaling $1,200.

Per Curiam.
Judgment of conviction (Bahaati E. Pitt, J.), rendered June 26, 2018, modified, on the law, to vacate defendant's conviction for aggravated unlicensed operation of a motor vehicle in the third degree, to dismiss the count of the accusatory instrument relating thereto, and to remit the $200 fine imposed on that conviction, if paid, and otherwise affirmed.
As the People now concede, the allegations in the accusatory instrument were insufficient to meet the elements of the charged offense of aggravated unlicensed operation of a motor vehicle in the third degree (see Vehicle and Traffic Law § 511[1][a]), due to the absence of any factual allegations indicating that defendant knew or had reason to know that his license had been suspended. Defendant made a valid waiver of his right to appeal (see People v. Thomas, 34 NY3d 545 [2019], cert denied 589 U.S. —, 140 S Ct 2634 [2020]), which forecloses review of his excessive sentence claim. Regardless of the validity of the waiver of the right to appeal, we perceive no basis for reducing the sentence imposed on defendant for driving under the influence of alcohol (Vehicle and Traffic Law § 1192[2]). We note that although defendant now claims that he is indigent, he never sought relief from the fine by way of a CPL 420.10(5) motion for re-sentencing (see People v Toledo, 101 AD3d 571 [2012], lv denied 21 NY3d 947 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 14, 2024